

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2821
Re: Status of Midland Independent
School District under proposed
city charter.

We are in receipt of your letter of October 11, 1940, enclosing a copy of the proposed Charter of the City of Midland, and requesting our opinion as to whether the last sentence of Section 1(a), Article III of said charter will affect the present status of the Midland Independent School District, without any further action, if said charter is adopted.

Article III, Section 1(a) of the proposed Charter of the City of Midland reads as follows:

"(a)  The City of Midland, made a body politic and corporate by the legal adoption of this Charter, shall have perpetual succession; may use a common seal; may sue and be sued; may contract and be contracted with; implead and be impleaded in all courts and places and in all matters whatever; may take, hold and purchase such lands, within or without the city limits, as may be needed for corporate purposes of said city, and may sell any real estate or personal property owned by it; perform and render all public service, and when deemed expedient may condemn property for corporate use, and may hold, manage and control the same; and shall be subject to all the duties and obligations now pertaining to or incumbent upon said city as a corporation, not in conflict with the provisions of this charter; and shall enjoy all rights, immunities, powers, privileges and franchises now possessed by said city and herein

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. M. Trimble, Page 2

conferred and granted; and, except as prohibited
by the constitution of the State of Texas or res-
tricted by this charter, the City of Midland
shall have and may exercise all municipal powers,
functions, rights, privileges and immunities of
every name and nature whatsoever. In addition to
the powers herein otherwise granted, the City
shall have all powers enumerated in Article 1175,
Revised Statutes of Texas 1925, as heretofore
amended, as though such statute were set forth
herein."

Article 1175, Subdivision 32, Revised Civil Stat-
utes, 1925, provides:

"Cities adopting the charter or amendment
hereunder shall have full power of local self-
government, and among the other powers that may
be exercised by any such city the following are
hereby enumerated for greater certainty:

". . .

"32. To provide for the establishment of
public schools and public school system in any
such city, and to have exclusive control over
same and to provide such regulations and rules
governing the management of same as may be deemed
advisable; to levy and collect the necessary
taxes, general or special, for the support of
such public schools and public school system."

For more than thirty years our statutes have recog-
nized the distinction between independent school districts
incorporated for free school purposes only and city controlled
districts or municipal corporations which have assumed con-
trol of the schools within their limits, thereby acquiring a
dual character and exercising dual functions. It is also well
settled in this jurisdiction that the municipal corporation as
commonly known, and the other corporation, an independent school
district incorporated for school purposes only may exist each
separate and apart from the other exercising their respective
functions although their boundaries may be coextensive.

Statutory provision has been made whereby a city
may assume exclusive control of the public free schools with-
in its limits. See Articles 2759, 2760, 2671, 2762, 2768,
2769, 2771, et seq., Revised Civil Statutes, 1925.

The letter of request does not disclose the present status or relationship of the City of Midland and the Midland Independent School District. We therefore presume for purposes of this opinion that each corporation exists and functions as an entity entirely separate and independent of the other; that the City of Midland has never assumed control of the schools within its limits as prescribed by law; and that it has never attempted to assume or exercise such control, but that the separate corporation for school purposes only, i. e., Midland Independent School District, has exercised and continues to exercise control over the public schools within its limits to the exclusion of the City of Midland.

By virtue of the above mentioned statutes, incorporated cities or towns have for many years had the power to assume control of the public schools within their limits but the mere existence of such power, unexercised, did not destroy or affect the separate corporation for school purposes only, functioning within the limits of such city or town.

It is our opinion that the mere enumeration of the power provided in Article 1175 (32), Revised Civil Statutes, 1925, in the Charter of the City of Midland, would not of itself, standing alone, without any further provision or action, destroy the Midland Independent School District as a separate entity or divest it of control and supervision of the public free schools within such of its territorial limits as might be included within the corporate limits of the City of Midland.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

COC:db

APPROVED OCT 25, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN